# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-51158
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 18, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE BONILLA-RIVERA, also known as Jose Bonilla, also known as Jose David Bonilla, also known as Misael Hernandez, also known as Jose David Rivera, also known as Jose David Bonilla-Rivera,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:13-CR-424-1

Before BENAVIDES, SOUTHWICK, and COSTA, Circuit Judges.

PER CURIAM:[*]

Jose Bonilla-Rivera was sentenced to a 37-month term of imprisonment following his guilty plea to illegal reentry of a deported alien. *See* 8 U.S.C. § 1326. He challenges the substantive reasonableness of his sentence, arguing that it is greater than necessary to satisfy the goals of 18 U.S.C. § 3553(a). We review his challenge to the substantive reasonableness of his sentence for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

abuse of discretion, *see Gall v. United States*, 552 U.S. 38, 49-51 (2007), and apply a rebuttable presumption of reasonableness to the within-guidelines sentence, *see United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009).

In reliance on *Kimbrough v. United States*, 552 U.S. 85, 109-10 (2007), and for purposes of preserving the issue for possible further review, Bonilla-Rivera argues that the presumption of reasonableness should not apply because the illegal reentry Guideline lacks an empirical basis.  As Bonilla-Rivera concedes, his argument is foreclosed.  *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *Mondragon-Santiago*, 564 F.3d at 366-67.

We have consistently rejected Bonilla-Rivera's "double counting" argument and his argument that U.S.S.G. § 2L1.2 results in excessive sentences because it is not empirically based.  *See Duarte*, 569 F.3d at 529-31. We also have rejected the "international trespass" argument that Bonilla-Rivera asserts.  *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).

Bonilla-Rivera has not shown that his sentence does not account for a sentencing factor that should receive significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error of judgment in balancing sentencing factors.  *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).  Mere disagreement with the propriety of his sentence or with the weight given to § 3553(a) factors does not suffice to rebut the presumption of reasonableness that attaches to a within-guidelines sentence. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).  The judgment of the district court is AFFIRMED.